**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NRC, LLC,

    Plaintiff,

v.                                                Case No. 13-CV-12839

THE CRESCENT GROUP CONSTRUCTION, INC.,
and SHADRICK SHOEMAKER,

    Defendants.

                                                /

**OPINION AND ORDER DENYING DEFENDANTS' "MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION"**

Pending before the court is a "Motion to Dismiss for Lack of Personal Jurisdiction,'" filed by Defendants The Crescent Group Construction, Inc. ("Crescent Group"), and Shadrick Shoemaker. Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

Plaintiff NRC, LLC. ("NRC"), initiated this action in Oakland County Circuit Court, asserting nine counts against Defendants arising out of the breakdown of a business relationship between the parties. Defendants timely removed on the basis of diversity jurisdiction and immediately filed a motion to dismiss for lack of personal jurisdiction. According to Defendants' motion, Crescent Group is a Florida construction company, whose owner and president, Defendant Shoemaker, resides in Idaho. Plaintiff sought to obtain a lucrative construction contract on a Miami hotel but, because it did not have the

requisite Florida contractor's license, it contracted with Defendants to qualify. Thereafter, the parties' relationship broke down. This lawsuit seeks damages related to the breakdown of that relationship, under various contractual and tort causes of action.

Defendants' motion contends that personal jurisdiction does not exist and this action should be dismissed. It asserts that neither of the Defendants transact business in Michigan, and that neither of them entered into contracts for services to be performed, or materials provided, in Michigan. And while Shoemaker admits he visits Michigan from time to time, he contends those visits are sporadic and for the purpose of visiting family members. Further, Shoemaker contends that his service of process, which occurred while he was in Michigan, does not confer personal jurisdiction because he was in Michigan only under subpoena to testify at a court proceeding.

Plaintiff's submissions paint a vastly different picture. According to the affidavit of Sam Shehadeh, a member of the Plaintiff LLC, he and Shoemaker have been friends since they attended high school together, in Michigan. In 2011, Shoemaker began working for NRC and moved into Shehadeh's Rochester Hills, Michigan, home. Shehadeh contends that Shoemaker asked that he be paid through his company, the Crescent Group, which at the time was not engaged in much, if any business. Thus, an employment contract ("the Employment Agreement"), negotiated and executed in Michigan, was formed between the companies. Shortly thereafter, NRC began working on a bid for renovation of the InterContinental Hotel in Miami, Florida. Because NRC did not have a general contractor's license in Florida, Shehadeh says that Shoemaker suggested that NRC pay him to reactivate his inactive Florida license. Contractual negotiations then ensued, in Michigan, providing that NRC pay Defendants in exchange

for Shoemaker activating and maintaining his Florida license during the length of the hotel project in Miami.  Negotiations continued while Shoemaker moved briefly to Lake Isabella, in Michigan, and then to Idaho, but even Shoemaker admits that the License Agreement was finally executed in Michigan when he "was there visiting his family." (Defs.' Reply Ex. A.)   Eventually, the relationship between the parties broke down.  Plaintiff asserts various contractual and tort claims against Defendants arising out of the collapse of their business relationship, and the resulting alleged damages suffered by Defendants.

In 2012, Shehadeh's wife, Stephanie, began divorce proceedings in Oakland County Circuit Court.  While the next events are subject to some debate between the parties, the court accepts Shoemaker's version, which he gave while he was testifying under oath at a deposition. (*See* Pl.'s Ex. F.)  Shoemaker traveled to Michigan for a vacation, lasting from May 16, 2013, to June 3, 2013.  While in Michigan, on May 21, he stopped by Stephanie Shehadeh's lawyer's office, apparently voluntarily, and was served with a subpoena to testify at an evidentiary hearing in the divorce case.  He ultimately did not testify at the evidentiary hearing and instead voluntarily agreed to participate in a deposition on May 31, 2013 at Stephanie Shedaheh's lawyer's office.  When he appeared for that deposition, he was served with the summons and complaint in the instant lawsuit.  The parties dispute whether that service confers general jurisdiction over Shoemaker.

## II.  STANDARD

If a district court lacks jurisdiction over the defendants, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2).  "The burden of establishing jurisdiction

is on the plaintiff." *Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993). "A district court, in its discretion 'may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (quoting " *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). However, when the court has elected to proceed without discovery or a hearing, the evidence is considered in the light most favorable to the plaintiff: the plaintiff must only make a *prima facie* case, and the court does not consider the "controverting assertions of the party seeking dismissal. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). In addition, the plaintiff must follow the general guidelines for pleading standards–the plaintiff must allege specific facts to show the standard has been met for personal jurisdiction. *Palnik v. Westlake Entm't, Inc.*, 344 Fed. Appx. 249, 251 (6th Cir. 2009) (stating that complaints must follow federal pleading standards for personal jurisdiction issues as well).

A federal court's exercise of jurisdiction over litigants in a diversity of citizenship case must be both "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). For Michigan, the courts have determined Michigan's long-arm statute gives the "maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981). Due process is satisfied if the defendant has "sufficient minimum contacts" with the

forum state "such that the maintenance of the suit does not offend traditional notions of fairplay and substantial justice." *Internat'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citation omitted). "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."

*Walden v. Fiore*, 571 U.S. ____, 134 S.Ct. 1115, 1122 (2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

### III. DISCUSSION

#### A. General Personal Jurisdiction over Shoemaker

Under Mich. Comp. Laws § 600.701(1), service on an individual while present in the state confers general personal jurisdiction over them. Here, there is no dispute that Shoemaker was personally present in Michigan when served, thus the court may exercise general personal jurisdiction over him unless an exception applies. Defendants point to Mich. Comp. Laws § 600.1835(1), providing: "All persons going to, attending, or returning from, any court proceedings in any action in which their presence is needed are privileged from service of process if service could not have been made on them had they not gone to, attended, or returned from the proceedings." The committee comments to the 1986 revision state that "any court proceeding includes the actual trial, pretrial motions, or depositions pertaining to the case." Thus, Defendants contend that, because Shoemaker was attending a deposition when he was served, he was not subject to service of process while in Michigan. The court disagrees.

Defendants' argument ignores that portion of the statute providing that service is privileged "*if* service could not have been made on them had they not gone to, attended,

5

or returned from the proceedings." Mich. Comp. Laws § 600.1835(1) (emphasis added). The court finds that Shoemaker was in Michigan primarily for vacation. Though he argues he built his vacation around his voluntary testimony, the court is not persuaded. Shoemaker's testimony, indicating over a two week vacation in Michigan, does not support the contention that he would not have been in Michigan otherwise. Nor is the court persuaded by his argument that he would have been difficult to find, had Plaintiff not served him at his deposition. Rather, the court is persuaded by Shehadeh's affidavit that, had he not served Shoemaker at the deposition, he would have had Shoemaker served while on vacation for two weeks in Michigan. While Shoemaker contends that Shehadeh would not have known how to find him, the court finds that, given the current state of locator services, the availability of the internet, and the general knowledge of process servers, Shoemaker would have been relatively easy to locate during the eighteen days he visited Michigan–particularly with the added benefit of Shehadeh, a friend since high school, being generally familiar with Shoemaker's family. Even if the family home had been sold, this does not mean Shehadeh would not have had leads to help locate Shoemaker's parents. Sufficient evidence exists to persuade the court that a reasonably diligent process server could have located Shoemaker. *See generally Markle v. Markle,* No. 266341, 2007 WL 2317373, *7 (Mich. Ct. App. Aug. 14, 2007). Thus, § 600.1835(1) does not apply, and the court may exercise general jurisdiction over Shoemaker.

### B. Limited Personal Jurisdiction

Even if the court could not exercise general personal jurisdiction over Shoemaker, limited personal jurisdiction nonetheless exists over him, and his company,

based on the interactions he had in Michigan while establishing and maintaining the business relationship with Plaintiff NRC.

Personal jurisdiction issues in Michigan courts are governed by the state's long-arm statute, Mich. Comp. Laws §§ 600.715 (corporations) & 600.705 (individuals). For purposes of this motion, both Defendants are subject to limited personal jurisdiction if they transacted any business within the state and Plaintiff's cause of action arose out that transaction. Because, as president, Shoemaker's actions are attributable to Crescent Group, the court will analyze them together.

Further, Michigan courts and courts within this Circuit have consistently held that Michigan's long-arm statute extends as far as the Fourteenth Amendment's Due Process Clause allows. *See Neogen Corp.*, 282 F.3d at 888 ("The 'transaction of any business' necessary for limited personal jurisdiction under § 600.715(1) is established by 'the slightest act of business in Michigan.'") (citing *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1998); *see also Viches v. MLT, Inc.*, 127 F. Supp. 2d 828, 830 (E.D. Mich. 2000) ("The standard for deciding whether a party has transacted any business under § 600.715(1) is extraordinarily easy to meet. [T]he only real limitation placed on this [long arm] statute is the due process clause.") (citation omitted). Accordingly, if jurisdiction over Defendants in this court is proper under the Fourteenth Amendment, it is also proper under Michigan's long-arm statute.

Due process is satisfied if the defendant has "sufficient minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fairplay and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). In order to find limited personal jurisdiction, a plaintiff needs to

demonstrate three key factors: (1) the defendant must "purposely avail himself of the privilege of doing business in the forum state. . ., (2) the cause of action must arise from the [the d]efendant's activities there, . . .[and] (3) the acts of the [d]efendant. . .must have a substantial enough connection with the forum state." *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). All three factors must be present to allow for a finding of limited personal jurisdiction, and all three factors are indeed present here.

According to the affidavit of Sam Shehadeh, Shoemaker was living in his Rochester Hills home when he first began working for NRC. (Pl.'s Ex. G.) The negotiations, first, for the March 18, 2011 Employment Agreement between NRG and Crescent Group began while Shoemaker was working NRC's Farmington office. Likewise, the discussions about the Miami project began in Michigan, and the negotiations for the License Agreement began in Michigan. While Shoemaker contends it was entirely fortuitous that he was visiting his family when he executed the License Agreement, the court disagrees. The relationship between these parties at all times arose out of Shoemaker's historical and familial connections to Michigan: his high school friendship, which led to the sharing of living space and the provision of a job. The entire relationship between the parties arose out of their joint Michigan connections. That they contracted, in Michigan, to perform services in Florida and that Shoemaker eventually moved out of state does not change the origin and formation of their connections. The court easily finds that Shoemaker and Crescent Group transacted business in Michigan, that in doing so they purposefully availed themselves of the privilege of doing business here, that the cause of action arose out of their activities,

and that they have a substantial enough connection with Michigan that the exercise of jurisdiction over them is reasonable.

Defendants' motion seems to focus entirely on the assertions of Shoemaker, while ignoring the contravening assertions of Shehadeh. While it's *possible*, that looking solely to the affidavit of Shoemaker, the court *may* have reached a different conclusion, this is not the proper standard under relevant Rule 12(b)(2) jurisprudence. Rather, where the court has, in its discretion, elected to proceed without an evidentiary hearing, the court reviews the pleadings and affidavits in a light most favorable to *Plaintiff*. *Dean*, 134 F.3d at 1272. Moreover, the court also finds Shehadeh's affidavit–at least with respect to the jurisdictional allegations–to be inherently more credible. Defendants' connections to Michigan are more fully elucidated in Plaintiff's response and supporting attachments. This was not a casual connection to Michigan, but one directly related to the business transactions asserted in complaint and the resulting alleged damages.

### IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss for Lack of Personal Jurisdiction" [Dkt. # 4] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2014, by electronic and/or ordinary mail.

                                       S/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522